JAMES B. BOWLIN, Appellant, v. JACQUES FURMAN, Respondent.

*Will—Devise.*—A will made in 1824, and properly attested, provided as follows: "I do nominate and appoint for my sole and only heir of all the goods, chattels, rights and credits, and effects, which I shall be possessed of at the time of my death, I do bequeath the whole unto my adopted child Sophia," &c., "to inherit and enjoy all and singular the said goods, chattels, rights, credits and effects which I shall be possessed of at the time of my death." *Held*, that real estate did not pass by the will.

*Appeal from St. Louis Land Court.*

Ejectment for lot in Carondelet common fields. Plaintiff claimed title under an assignment to Carondelet schools. Defendant claimed that the title passed to one Jacquez Mayette, by virtue of possession prior to December, 1803; and among other evidence of title read a certified copy of the will of Joshua Palin.

"In the name of God, Amen: I, the undersigned and sealed, Joshua Palin, being of sound mind and disposing memory, knowing that death is certain, I do therefore make and ordain my last will and testament, in the form following, to-wit: First, I do ordain all my just debts to be paid; second, I do nominate and appoint for my sole and only heir, of all

the goods, chattels, rights, and credits, and effects, which I shall be possessed of at the time of my death, I do bequeath the whole unto my adopted child, Sophia, the daughter of Pikeolo, of the Winnebago tribe, to inherit and enjoy all and singular the said goods, chattels, rights, credits and effects which I shall be possessed of at the time of my death. I do nominate and appoint my trusty friend, ——, executor of this my last will and testament, hereby revoking and annulling all and every other will and testament which I might have made prior to this present. In testimony whereof, I hereunto set my hand and affixed my seal, at St. Louis, this —— day of July, A. D. 1824. Joshua Palin, [seal.]"

The above will was attested by two witnesses, and admitted to probate in the County Court of St. Louis county, on the 4th day of May, 1835.

To the reading of said will the plaintiff objected, on the ground that the will was not operative to convey any real estate; but the court admitted it, and the plaintiff at the time excepted.

From the legatee defendant derived his title.

*Casselberry*, for appellant.

*Krum & Harding*, for respondent.

BATES, Judge, delivered the opinion of the court.

The will of Palin did not convey real estate. It was therefore irrelevant to the issue and should have been excluded. This court will not reverse for the admission of irrelevant testimony if the appellant has not sustained injury by it. In this case, the admission of Palin's will gave to the defendant the appearance of a claimant of the land in dispute by title, instead of being a mere trespasser defending his possession by means of an outstanding title. This tended (as it should) to procure for him a more favorable consideration by the jury, and therefore to injure the plaintiff. We have the less hesitation in reversing the cause upon this ground, because, from the testimony, it appears to be very possible that the jury made

a mistake in finding that Mayette's cultivation was prior to June, 1803.

It is not considered necessary to give any opinion as to the questions made upon the instructions, as the evidence to which they are applied may be so different at another trial.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.